# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>JASON WILSON,<br><br>　　　Defendant and Judgment Debtor.<br><br>KEY SAFETY SYSTEMS, INC.,<br>(and its Successors and Assignees)<br><br>　　　Garnishee. | Case No.: 1:19-mc-00080-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING REQUEST FOR FINAL ORDER OF GARNISHMENT<br><br>ORDER REQUIRING THE GOVERNMENT TO SERVE A COPY OF THE FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 7)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

　　Currently pending before the Court is the United States' application pursuant to Section 3205(c)(7) of the Federal Debt Collection Procedure Act ("FDCPA") 28 U.S.C. § 3001, *et seq.*, for a final order garnishing the disposable wages, earnings, commissions, and bonuses of Defendant and Judgment Debtor Jason Wilson ("Defendant"). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

## I.

## BACKGROUND

　　On November 30, 2015, after pleading guilty to a single count of aggravated identity theft in violation of 18 U.S.C. § 1028A, Defendant was sentenced in the criminal case United States v. Jason

1 Wilson, no. 1:14-cr-00187-DAD-BAM, and ordered to pay a special assessment of $100.00, and restitution in the amount of $87,836.42. United States v. Jason Wilson, no. 1:14-cr-00187-DAD-BAM, (ECF Nos. 31, 32).[1] On July 18, 2018, the criminal case was reassigned to District Judge Dale A. Drozd. Id., (ECF Nos. 33, 34.)

To collect the restitution owed by Defendant, on October 7, 2019, the Government filed an application for a writ of continuing garnishment of the wages of Defendant through the Garnishee Key Safety Systems, Inc. ("Garnishee"). (ECF No. 1.) On October 8, 2019, the Government filed a certificate of service demonstrating the Garnishee was served with the application for a writ of continuing garnishment and associated materials. (ECF No. 2.) On October 8, 2019, the Clerk of the Court issued the writ of continuing garnishment. (ECF No. 3.) On October 21, 2019, the Government filed a certificate of service demonstrating the Defendant was served with (1) the application for writ of continuing garnishment; (2) the issued writ of continuing garnishment; (3) the clerk's notice of instructions to judgment debtor re: writ of continuing garnishment; (4) instructions to judgment debtor re: objecting to the answer of garnishee; (5) judgment debtor's request for hearing form; (6) instructions to defendant/judgment debtor on how to claim exemptions and claim for exemption form; (7) a notice of availability of a magistrate judge to exercise jurisdiction and appeal instructions; and (8) a consent or decline jurisdiction of a United States magistrate judge form. (ECF No. 4.)

On October 14, 2019, Defendant was served with the acknowledgement of service and answer of the Garnishee, and on October 21, 2019, the acknowledgement of service and answer of the Garnishee was filed with the Court. (ECF No. 5.) In the filed answer, the Garnishee confirms that: (1) Defendant is an employee of the Garnishee; (2) Defendant's pay period is weekly; (3) the last pay period began on September 30, 2019, and ended October 6, 2019; (4) the amount of disposable earnings for the latest pay period was $885.18, though varies depending on hours worked; (5) Defendant contributes 4% of earnings to an employee sponsored retirement fund per pay period; (6) the Garnishee contributes 3% of earnings toward a company sponsored retirement account per pay period; (7) there is no prior wage garnishment

---

[1] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The Court takes judicial notice of United States v. Jason Wilson, no. 1:14-cr-00187-DAD-BAM (E.D. Cal.).

against Defendant presently in effect under a court order; and (8) Garnishee denies holding any earning nor expects to hold any earnings in the future that are subject to the writ of continuing garnishment. (ECF No. 5 at 1-2.) On October 21, 2019, Defendant was served with the clerk's notice of instructions to judgment debtor re: writ of continuing garnishment. (ECF No. 6.)

On November 22, 2019, the Government filed the instant request for findings and recommendations for a final garnishment order. (ECF No.7.) The Court, having reviewed its files and the application, recommends that the request be granted for the reasons explained below.

## II.

## DISCUSSION

The FDCPA "sets forth the 'exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution.' " United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations in original)). The Mandatory Victims Restitution Act ("MVRA") made restitution mandatory for certain crimes, including "an offense against property under this title . . . including any offense committed by fraud or deceit." 18 U.S.C. §§ 3663A(a)(1), 3663A(c)(1)(A)(ii). Identity theft under 18 U.S.C. § 1028A, the crime Defendant was convicted of, is a qualifying crime under the MVRA making restitution mandatory. United States v. Cohan, 798 F.3d 84, 89 (2d Cir. 2015); United States v. Thomsen, 830 F.3d 1049, 1065 (9th Cir. 2016) (recognizing with approval that the Second Circuit has held that convictions on charges of identity theft in violation of 18 U.S.C. § 1028A fall under the purview of 18 § 3663A(c)(1)(A)(ii)) (citing Cohan, 798 F.3d at 89).

The MVRA provides that the United States may enforce a judgment imposing a fine, which includes restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. Mays, 430 F.3d at 965 & n.2. The FDCPA provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The FDCPA defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement

3

program." 28 U.S.C. § 3002(6). "Disposable earnings" is defined as "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). "Nonexempt disposable earnings" is defined as "25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9). The Consumer Credit Protection Act provides that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage . . . in effect at the time the earnings are payable, whichever is less." 15 U.S.C. § 1673(a).[2]

Under the FDCPA, the government is required to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b)-(c). The judgment debtor has twenty days after receipt of the notice to request a hearing, at which the judgment debtor may move to quash any order granting the garnishment. 28 U.S.C. § 3202(b). If a garnishment hearing is held, it is limited to the issues of: (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default . . . to—(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

Among other things, the documents served to Defendant on October 21, 2019, advised him of his rights to claim exemptions to garnishment, to object to the Garnishee's acknowledgement of service and the Garnishee's answer, and to request a hearing. (ECF No. 4.) Specifically, Defendant was advised that he had twenty (20) days from the date he received the Garnishee's answer to claim exemptions or request a hearing in opposition as required by 28 U.S.C. § 3202(d). (ECF No. 4-3.) Defendant has not filed any opposition to this garnishment proceeding, has not claimed exemptions, has not objected to the answer, and has not requested a hearing. The time to do so has expired.

---

[2] The current Federal minimum wage is $7.25 per hour. 29 U.S.C. § 206. Thirty times the current minimum hourly wage is $217.50. The Garnishee has calculated Defendant's disposable earnings per weekly pay period to be $885.18. (ECF No. 5 at 2.) The amount by which Defendant's disposable earnings for a week exceeds thirty times the Federal minimum hourly wage is $667.68. Such amount is greater than 25 percent of his weekly disposable earnings, calculated to be $221.30, and therefore 25 percent of the weekly disposable earnings is the lesser and appropriate amount of garnishment. See 15 U.S.C. § 1673(a); 28 U.S.C. § 3002.

Pursuant to the FDCPA, "[a]fter the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." 28 U.S.C. § 3205(c)(7). Accordingly, the Court recommends that the Government's application for a final garnishment order be granted.

## III.

## ORDER AND RECOMMENDATIONS

The Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. The United States' Request for Findings and Recommendations for Final Order of Garnishment be GRANTED;

2. Garnishee Key Safety Systems, Inc., be directed to pay the Clerk of the United States District Court 25% of Defendant Jason Wilson's ongoing and non-exempt disposable wages, earnings, commissions, and bonuses;

3. Garnishee Key Safety Systems, Inc., be directed to pay the Clerk of the United States District Court the amount of non-exempt disposable wages, earnings, commissions, and bonuses already withheld as a result of the writ, within fifteen (15) days of the filing of the Final Order;

4. Payment shall be made in the form of a cashier's check, money order or company draft, made payable to the Clerk of the Court and delivered to the United States District Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, California 95814. The criminal docket number (1:14-CR-00187-DAD-BAM) shall be stated on the payment instrument;

5. The United States is entitled to recover a $7,591.51 litigation surcharge after satisfaction of the judgment in the criminal case denominated as United States v. Jason Wilson, Case No. 1:14-CR-00187-DAD-BAM;

6. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

7. This garnishment shall be terminated when: (1) the United States seeks to terminate the writ; or (2) when the judgment and litigation surcharge are fully satisfied.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty one (21) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS HEREBY ORDERED that the Government shall serve a copy of this findings and recommendations on Defendant Jason Wilson and file notice of service within **three (3) days** from the date of entry of this findings and recommendations on the docket.

IT IS SO ORDERED.

Dated: **December 3, 2019**

_____
UNITED STATES MAGISTRATE JUDGE